NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NICHOLAS SHONER,

        Plaintiff-Appellant,

 and

PAUL CORMIER,

        Plaintiff,

 v.

CARRIER CORPORATION,

        Defendant-Appellee.

No.   20-56327

D.C. No.
2:18-cv-07030-CAS-E

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted December 8, 2021
Pasadena, California

Before:  KELLY,[**] M. SMITH, and FORREST, Circuit Judges.

Plaintiff Nicholas Shoner appeals the district court's order granting Defendant

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Paul J. Kelly, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

Carrier Corporation's motion to dismiss his putative class action lawsuit.[1]  Shoner contends that the district court erred in dismissing his state law warranty claims.  The district court had jurisdiction over these state law claims pursuant to 28 U.S.C. § 1332(d) and we have jurisdiction pursuant to 28 U.S.C. § 1291.  We review de novo the district court's dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1151 (9th Cir. 2019), and we affirm.  Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling.

Shoner alleges that Carrier breached its express warranty because instead of replacing a defective part in his air conditioner, Carrier recommended injecting it with a substance, "A/C Re-New," which caused corrosive damage.  Even assuming Shoner's April 25, 2018 pre-suit letter to Carrier functioned as notice of the breach of warranty, Shoner has not adequately alleged a breach.  Carrier's warranty does not require it to provide repairs absent a "failure due to defect" of the air conditioner or a "part fail[ure]."  At the time Shoner sent his letter to Carrier, his air conditioner was functioning, and he did not alert the company to any part failure.  Shoner argues that the presence of A/C Re-New in his air conditioner will damage the machine in the future, but Carrier's warranty does not obligate it to conduct repairs to prevent

---

[1] In a separate opinion, we dismissed Shoner's federal Magnuson-Moss Warranty Act claim for lack of jurisdiction.

2

potential future damage. The warranty covers air conditioners or air conditioner parts that have already failed. Shoner's allegations are too speculative to state a claim for breach of express warranty. Likewise, Shoner's theory that Carrier's express warranty failed its essential purpose depends on similar speculation about the long-term effects of A/C Re-New on his air conditioner. *See Kelynack v. Yamaha Motor Corp.*, 394 N.W.2d 17, 19–21 (Mich. Ct. App. 1986). We therefore affirm the district court's dismissal of this claim.

As for Shoner's implied warranty of merchantability claim, he argues that even though his air conditioner was functional, it was not merchantable at the time of sale due to a defective part. Shoner further contends that the injection of A/C Re-New renders his air conditioner unfit for normal use. "To establish a prima facie case of breach of implied warranty, a plaintiff must show that goods were defective when they left the possession of the manufacturer or seller." *Guaranteed Const. Co. v. Gold Bond Prods.*, 395 N.W.2d 332, 336 (Mich. Ct. App. 1986). Importantly, however, "[m]erchantable is not a synonym for perfect." *Id.* Shoner's air conditioner required two repairs over a period of two years, but it has functioned during most of that time and is currently working. Shoner has not plausibly alleged that his air conditioner was unfit for its ordinary purpose.

**AFFIRMED.**

3